IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RUBEN CORTEZ, | ) |
| Petitioner, | ) No C 03- 3932 JSW (PR) |
| vs. | ) ORDER DENYING PETITION |
| GAIL LEWIS, Warden, | ) FOR A WRIT OF HABEAS CORPUS |
| Respondent. | ) |

## **INTRODUCTION**

Ruben Cortez, a prisoner of the State of California, has filed a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Per order filed on October 15, 2003, this Court found that the petition, liberally construed, stated cognizable claims under § 2254 and ordered Respondent to show cause. Respondent filed its answer on January 22, 2004. Petitioner filed his traverse on August 11, 2005. This order denies the petition for writ of habeas corpus on the merits.

## **PROCEDURAL BACKGROUND**

On December 19, 2000, Petitioner pleaded guilty to one count of lewd and lascivious acts on a child of 14 or 15 years-old by a person more than ten years older than the child, in violation of Cal. Penal Code § 288(c)(1). Petitioner also admitted that he had sustained three prior convictions that qualified as "strikes" under Cal. Penal Code § 667(b)-(I), and that he served a prior prison term within the meaning of Cal.

Penal Code § 667.5(b).  The prosecution dismissed a count of exhibiting pornography to a minor upon Petitioner's plea. Clerk's Transcript ("CT") 1.

On or about April 18, 2001, Petitioner was sentenced to a term of incarceration of twenty-five years to life.  On July 26, 2002, the conviction was affirmed on direct appeal by the California Court of Appeal, Sixth Appellate District.  The Supreme Court of California denied review on October 16, 2002.  Petitioner filed this instant petition on August 27, 2003.

## FACTUAL BACKGROUND

The facts underlying the charged offenses as found by the California Court of Appeal, Sixth District, are summarized below.

> On July 1, 2000, defendant took 15-year-old Jane Doe, his former girlfriend's daughter, out to dinner.  He then offered her alcohol and took her to a motel.  Defendant suggested that she view a pornographic magazine, but she refused.  When defendant touched her breasts, she tried to leave.  Defendant told her to wait, and she did so because she was afraid of him.  Defendant then reached under her shorts and began rubbing her thighs.  Defendant eventually drove Jane Doe home.

*People v. Cortez*, No.CC083273, slip op. at 2 (Cal. Ct. App. July 26, 2002).

## STANDARD OF REVIEW

This court may entertain a petition for a writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a state court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States."  28 U.S.C. § 2254(a).  A district court may grant a petition challenging a state conviction or sentence on the basis of a claim that was "adjudicated on the merits" in state court only if the state court's adjudication of the claim: "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented

in the State court proceeding." 28 U.S.C. § 2254(d).

Under the 'contrary to' clause, a federal habeas court may grant the writ if a state court arrives at a conclusion opposite to that reached by the Supreme Court on a question of law or if the state court decides a case differently than the Supreme Court has on a set of materially indistinguishable facts. *Williams v. Taylor*, 529 U.S. 362, 412-13 (2000). "Under the 'unreasonable application' clause, a federal habeas court may grant the writ if a state court identifies the correct governing legal principle from the Supreme Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." *Williams*, 529 U.S. at 413. As summarized by the Ninth Circuit: "A state court's decision can involve an 'unreasonable application' of federal law if it either 1) correctly identifies the governing rule but then applies it to a new set of facts in a way that is objectively unreasonable, or 2) extends or fails to extend a clearly established legal principle to a new context in a way that is objectively unreasonable." *Van Tran v. Lindsey*, 212 F.3d 1143, 1150 (9th Cir. 2000) *overruled on other grounds*; *Lockyer v. Andrade*, 538 U.S. 63, 70-73 (2003) (citing *Williams*, 529 U.S. at 405-07).

"[A] federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable." *Williams*, 529 U.S. at 411; *accord Middleton v. McNeil*, 541 U.S. 433, 436 (2004) (per curiam) (challenge to state court's application of governing federal law must not only be erroneous, but objectively unreasonable); *Woodford v. Visciotti*, 537 U.S. 19, 25 (2002) (per curiam) ("unreasonable" application of law is not equivalent to "incorrect" application of law). In deciding whether a state court's decision is contrary to, or

3

an unreasonable application of, clearly established federal law, a federal court looks to the decision of the highest state court to address the merits of the petitioner's claim in a reasoned decision. *LaJoie v. Thompson*, 217 F.3d 663, 669 n.7 (9th Cir. 2000).

The only definitive source of clearly established federal law under 28 U.S.C. § 2254(d) is in the holdings of the Supreme Court as of the time of the state court decision. *Williams* 529 U.S. at 412; *Clark v. Murphy*, 331 F.3d 1062, 1069 (9th Cir. 2003). While the circuit law may be "persuasive authority" for the purposes of determining whether a state court decision is an unreasonable application of Supreme Court precedent, only the Supreme Court's holdings are binding on the state courts and only those holdings need be "reasonably" applied. *Id.*

In his petition for writ of habeas corpus, Petitioner asserts that his sentence of 25 years to life amounts to cruel and unusual punishment in violation of the Eighth Amendment.

## DISCUSSION

**A.     Legal Standard**

A criminal sentence that is significantly disproportionate to the crime for which a defendant was convicted violates the Eighth Amendment. *See Solem v. Helm*, 436 U.S. 277, 303 (1983) (sentence of life imprisonment without the possibility of parole for seventh non-violent felony violates the Eighth Amendment). However, "outside the context of capital punishment, successful challenges to the proportionality of particular sentences will be exceedingly rare." *Solem*, 436 U.S. at 289-90 (citation and quotation marks omitted). "The Eighth Amendment does not require strict proportionality between crime and sentence. Rather, it forbids only extreme sentences that are 'grossly

4

disproportionate' to the crime." *Ewing v. California*, 538 U.S. 11, 23 (2003) (quoting *Harmelin v. Michigan*, 501 U.S. 957, 1001 (1991) (Kennedy, J., concurring)).

    A challenge to the proportionality of a sentence should be analyzed using objective criteria, which include: (1) the gravity of the offense and the harshness of the penalty; (2) a comparison of sentences imposed on other criminals in the same jurisdiction; and (3) a comparison of sentences imposed for the same crime in other jurisdictions. *Solem*, 463 U.S. at 290-92. Under this proportionality principle, the threshold determination for the court is whether Petitioner's sentence is one of the rare cases in which a comparison of the crime committed and the sentence imposed leads to an inference of gross disproportionality. *Harmelin*, 501 U.S. at 1005; *Ewing*, 538 U.S. at 30-31 (applying *Harmelin* standard). Only if such an inference arises does the court proceed and compare petitioner's sentence with sentences in the same and other jurisdictions. *See Harmelin*, 501 U.S. at 1005; *Cf. Ewing*, 538 U.S. at 23 (noting that *Solem* does not mandate comparative analysis within and between jurisdictions). The threshold for an "inference of gross disproportionality" is quite high. *See id.* at 30 (sentence of twenty-five years to life for conviction of grand theft, for shoplifting three golf clubs, with prior convictions was not grossly disproportionate).

    In determining whether the sentence is grossly disproportionate under a state's recidivist sentencing statute, the court looks to whether such an "extreme sentence is justified by the gravity of [an individual's] most recent offense and criminal history." *Ramirez v. Castro*, 365 F.3d 744, 768 (9th Cir. 2004). In judging the appropriateness of a sentence under a recidivist statute, a court may take into account the government's interest not only in punishing the offense of

the conviction, but also its interest "in dealing in a harsher manner with those who [are] repeat[] criminal[s]." *United States v. Bland*, 961 F.2d 123, 129 (9th Cir.) (quoting *Rummel v. Estelle*, 445 U.S. 263, 276 (1980)), *cert. denied*, 506 U.S. 858 (1992). The Eighth Amendment does not preclude a state from making a judgment that protecting the public safety requires incapacitating criminals who have already been convicted of at least one serious or violent crime, as may occur in a sentencing scheme that imposes longer terms on recidivists. *See Ewing*, 538 U.S. at 25.

**B.     Analysis**

Petitioner was sentenced to a term of twenty-five years to life after pleading guilty to one count of lewd and lascivious acts on a child of 14 or 15 years-old by a person more than ten years older than the child, in violation of Cal. Penal Code § 288(c)(1) and admitting three prior convictions that qualified as "strikes" under California law. Although Petitioner's sentence is undoubtedly a harsh sentence for conviction of an offense that constitutes a "wobbler" (which can be charged as either a felony or a misdemeanor under California law), it does not amount to cruel and unusual punishment in violation of the Eighth Amendment.

Petitioner challenged his sentence on direct appeal to the California Court of Appeal, Sixth District, claiming that his sentence violated the Eighth Amendment because it was grossly disproportionate to his culpability. The Court of Appeal denied Petitioner's claim in a reasoned opinion. The court analyzed the claim under federal and California law to determine whether Petitioner's sentence was unconstitutional, using three techniques identified by the Supreme Court of California: (1) an examination of the "nature of the offense and/or the offender, with particular regard to the degree of danger both present to society";

(2) a comparison of the challenged penalty with those imposed on the same jurisdiction for more serious crimes; and (3) a comparison of the challenged penalty with those imposed for the same offense in different jurisdictions. *In re Reed*, 33 Cal. 3d 914, 923 (1983) (quoting *In re Lynch*, 8 Cal. 3d 410, 425-29 (1972)). The Court of Appeal noted that California courts have followed the reasoning of *Rummel v. Estelle* in upholding life sentences for third strike offenders. *Cortez*, slip op. at 6 (citations omitted).

The Court of Appeal noted that Petitioner was not just punished for his lewd conduct on a child, but that his sentence also reflects his recidivism. The court listed Petitioner's criminal history, calling it "significant" and "extensive."

> In 1979, [defendant] was convicted of grand theft. In 1984, he was arrested for possession of a controlled substance. In 1984, he was also convicted of three forcible rapes, and sentenced to 11 years in prison. In December 1989, defendant was released from prison. When his parole term ended in 1992, he began using drugs again. In 1996, defendant was convicted of failing to register as a sex offender, and was sentenced to 32 months in prison. When he released in 1998, he began to using drugs again. Defendant had three other misdemeanor convictions, which included drunk in public, driving with a suspended license, and driving under the influence of alcohol. He also had two other felony convictions for possession of controlled substances.

*Id.* at 3. The court determined that after considering the "nature of the offense and the offender," the imposition of the twenty-five year to life sentence was not so grossly disproportionate as to "shock the conscience." *Id.* at 6 (quoting *In re Lynch*, 8 Cal. 3d at 424).

The Court of Appeal also analyzed Petitioner's case under the second inquiry, comparing Petitioner's sentence to those sentences imposed in California for more serious crimes. The court noted that the California Three Strikes Law treats all offenders with three strike convictions the same way, and deferred to the judgment of the California Legislature who "is in the best position to evaluate the gravity of different crimes." *Id.* at 7.

7

Lastly, the Court of Appeal looked at the third inquiry, comparing Petitioner's sentence to sentences imposed for the same offense in other jurisdictions. The court noted that although California's Three Strikes scheme is among the harshest in the nation, that itself does not prove cruel and unusual punishment. After applying the final inquiry, the court concluded that the punishment imposed in Petitioner's case does not violate the constitutional proscription against cruel and unusual punishment under the California or United States Constitution.

The decision of the California Court of Appeal is not contrary to, or an unreasonable application of federal law as established by the Supreme Court of the United States. The three inquiries used by the Court of Appeal is substantially similar to the three-part analysis established by *Solem*, 436 U.S. at 290-92. However, *Solem* does not mandate a comparative analysis of sentences within and between jurisdictions. *Ewing*, 538 U.S. at 23. Only if the court determines that Petitioner presents one of the rare cases where the comparison of the crime committed and the sentence leads to an inference of gross disproportionality should the court engage in a comparative analysis with other defendants and other jurisdictions. *See Harmelin*, 501 U.S. at 1004-04; *See United States v. Harris*, 154 F.3d 1082, 1084 (9th Cir. 1998). Examining Supreme Court precedent, its is clear that the threshold for an "inference of gross disproportionality" is quite high. *See, e.g., Ewing* (sentence of twenty-five years to life for conviction of grand theft with prior convictions was not grossly disproportionate); *Harmelin*, 501 U.S. at 1005 (mandatory sentence of life without possibility of parole for first offense of possession of 672 grams of cocaine did not raise an inference of gross disproportionality). Thus, the Court of Appeal's analysis and determination of the first inquiry, that Petitioner's sentence

was not grossly disproportionate to the nature of the offense committed and the offender was consistent with controlling federal law.

Petitioner received a harsh sentence because he was a recidivist.  His recidivism must be considered in evaluating the constitutionality of his sentence.  *See Ramirez v. Castro*, 365 F.3d 755, 768 (9th Cir. 2004) (because defendant "was sentenced as a recidivist under the Three Strikes law, 'in weighing the gravity' of his offense in our proportionality analysis, 'we must place on the scales not only his current felony,' but also his criminal history") (quoting *Ewing*, 538 U.S. at 29).  Once one considers Petitioner's criminal history – six prior felony convictions (including three forcible rapes), five misdemeanor convictions, and two separate prison terms– it is clear that the severity of his sentence does not rise to the level of an Eighth Amendment violation.

 Petitioner's criminal history is more extensive and serious than the criminal history of several defendants whose harsh convictions were challenged as in violation of the Eighth Amendment and upheld by the Supreme Court.  *See Andrade*, 538 U.S. 63 (upholding sentence of two consecutive prison terms of twenty-five years to life for petty theft where defendant's prior crimes included residential burglary and stealing video tapes valued at less than $200); *Ewing*, 538 U.S. 11 (sentence of twenty-five years to life upheld for felony grand theft where defendant had prior convictions for robbery and three residential burglaries); *Rummel*, 445 U.S. 263 (sentence of life in prison upheld for defendant sentenced under recidivist statute after third conviction where offenses included credit card fraud, forgery, and theft).

Considering Petitioner's instant conviction and his past criminal history, his sentence of twenty-five years to life is not so grossly disproportionate to amount to a violation of his Eighth Amendment rights.  The California Court of

Appeal correctly completed an analysis of whether the sentence was grossly disproportionate consistent with that of the Supreme Court in *Solem* and its determination that Petitioner's sentence was not cruel and unusual punishment is consistent with controlling federal law.

## **CONCLUSION**

For the foregoing reasons, the petition for the writ of habeas corpus is DENIED. The Clerk shall enter judgment in favor of the Respondent and close the file.

IT IS SO ORDERED.

DATE: August 17, 2006

_____
JEFFREY S. WHITE
United States District Judge

10